```
                                                              USDC SDNY
                                                              DOCUMENT
UNITED STATES DISTRICT COURT                                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                                 DOC #:_____
------------------------------------------------------------X DATE FILED: May 30, 2014
                                                       :
   MARTINA GRAHAM,                                     :
                                    Plaintiff,         :
                                                       :      13 Civ. 07063 (LGS)
                  -against-                            :
                                                       :      OPINION AND ORDER
   WOMEN IN NEED, INC., et al.,                        :
                                    Defendants.        :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Martina Graham alleges that Defendants Women in Need, Inc. ("WIN"), Maureen McLaughlin, Eshawn Hall and Regina Wadkins engaged in sexual harassment, retaliation and discriminatory behavior in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), *et seq.* Defendants WIN and Wadkins ("Defendants") move to dismiss the ADA claims, alleged in Counts One and Two of the Amended Complaint, for failure to state a claim upon which relief can be granted. For the following reasons, Defendants' motion is denied.

## BACKGROUND

The following facts are taken from the Amended Complaint. They do not include the alleged discriminatory incidents on account of Plaintiff's gender and sexual orientation, as the resulting claims are not challenged on this motion.

Plaintiff is a former employee of WIN, a not-for-profit corporation organized under the laws of New York. Plaintiff began working at WIN in 2006 as a "Shift Supervisor," and was promoted in 2009 to "Residential Aide to Shift Supervisor." On August 13, 2011, Plaintiff suffered a stroke, and was hospitalized for approximately two to three weeks. Upon her return to

work, Plaintiff requested that Defendants provide her reasonable accommodations to facilitate her recuperation. The various requests for accommodation were detailed in a letter provided by Plaintiff's doctor, and included limiting Plaintiff's work week to forty hours and refraining from assigning tasks that involved lifting or picking up heavy objects. Defendants did not change Plaintiff's work schedule or otherwise agree to her requests for reasonable accommodation, requiring Plaintiff to work a sixty-hour week.

Defendants' discriminatory conduct intensified when Defendant Hall became Program Director. Upon taking up the Program Director position, Hall greeted Plaintiff by asking her whether she was "the lady with the stroke." On or about January 16, 2012, Plaintiff suffered a second stroke. Defendants responded by "pressuring" her to return to work eight days after the stroke. When she returned to work, Plaintiff again presented Defendants with a doctor's note requesting various accommodations, including limiting her work week and physical activity on the job. Defendants disregarded Plaintiff's requests, maintaining her schedule of approximately sixty hours a week and requiring her to perform tasks that involved physical activity, such as lifting objects and making additional rounds during her shifts. Hall and McLaughlin told Plaintiff she should resign if she could not work full time. Several months after her second stroke, in April 2012, Hall informed Plaintiff that he was intentionally assigning her more work so that she would "just go out," implying that Plaintiff should quit her job. Around the end of November 2012, Plaintiff reported Hall's discriminatory conduct to Wadkins, who told Plaintiff that she would investigate the allegations. Wadkins did not follow up with Plaintiff.

On or about December 9, 2012, Plaintiff was stabbed in the street, and spent thirty days recuperating from the assault. While Plaintiff was recuperating, she received a call from a co-worker, warning her that she would likely be placed on administrative leave as a result of

reporting discriminatory conduct.  On or about January 8, 2013, Plaintiff informed Defendants that she was ready to return to work, and was told to come in for a meeting the following day. The next day, Plaintiff attended a meeting with Wadkins and the Vice President of WIN, and was told that she was being placed on paid administrative leave because a client had accused her and another individual of forcing the client to lodge a complaint against Hall.  Plaintiff requested copies of the client's complaint on two occasions, but did not receive a copy.  On or around January 15, 2013, and after her second request to see the complaint, Plaintiff attended another meeting with Wadkins, where she was discharged.  At the meeting, Wadkins told Plaintiff that she should "concentrate on [her] health," now that she was unemployed.

## **STANDARD**

On a motion to dismiss, this Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the nonmoving party. *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010).  To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  While "'detailed factual allegations'" are not necessary, the pleading must be supported by more than mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  Rule 8 of the Federal Rules of Civil Procedure "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (alteration

in original) (quoting *Twombly*, 550 U.S. at 555), *cert. denied*, 133 S. Ct. 846 (2013).

On a motion to dismiss in an employment discrimination case, a plaintiff is not required to plead a prima facie case of discrimination under *McDonnell v. Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). Instead, "at a minimum, employment discrimination claims must meet the standard of pleading set forth in *Twombly* and *Iqbal*, even if pleading *a prima facie* case is not required." *Hedges v. Town of Madison,* 456 F. App'x 22, 23 (2d Cir. 2012) (summary order). Courts in this district have determined that the elements of a prima facie case, however, "provide an outline of what is necessary to render [a plaintiff's employment discrimination or retaliation] claims for relief plausible." *Pahuja v. Am. Univ. of Antigua,* No. 11 Civ. 4607(PAE), 2012 WL 6592116, at *9 (S.D.N.Y. Dec. 18, 2012) (quoting *Sommersett v. City of New York,* No. 09 Civ. 5916(LTS)(KNF), 2011 WL 2565301, at *5 (S.D.N.Y. June 28, 2011)). Accordingly, courts have "consider[ed] these elements in determining whether there is sufficient factual matter in the complaint which, if true, gives Defendant fair notice of Plaintiff's claim and the grounds on which it rests." *Pahuja*, 2012 WL 6592116, at *9 (internal quotation marks omitted).

## DISCUSSION

### I. Count One

Count One alleges that "Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her disability." This claim may be based on a theory of failure to provide reasonable accommodations and/or discriminatory termination. Defendants argue that any reasonable accommodations claim should be dismissed on statute of limitations grounds, and that a discriminatory termination claim should be dismissed for failure to state a claim.

4

### a. Statute of Limitations

To the extent the Complaint asserts a claim for failure to accommodate in violation of the ADA, the claim is time barred. The ADA requires that an employer make "reasonable accommodations" for a disabled employee, unless the employer can demonstrate that the accommodation "would impose an undue hardship on the operation of [its] business." 42 U.S.C. § 12112(b)(5)(A). The Second Circuit has concluded that the rejection of a request to accommodate is a "discrete act" with its own statute of limitations of 300 days for filing a complaint before the EEOC. *Elmenayer v. ABF Freight Sys., Inc.*, 318 F.3d 130, 135 (2d Cir. 2003) (failure to accommodate employee's religious practices was a discrete act subject to a 300-day statute of limitations period).

Plaintiff alleges that she requested a reasonable accommodation after her first stroke, which took place on or around August 13, 2011. Thus, Plaintiff had until approximately June 8, 2012, to file a complaint with the EEOC. Plaintiff likewise alleges that she requested a reasonable accommodation after her second stroke, which took place on or around January 16, 2012. Therefore, Plaintiff had until approximately November 12, 2012, to file a complaint with the EEOC. Because Plaintiff did not file a complaint with the EEOC until April 4, 2013, any failure to accommodate claims are untimely. In contrast, a claim for discriminatory termination is timely because Plaintiff's EEOC complaint was filed within 300 days of her discharge on January 15, 2013.

### b. Failure to State a Claim Upon Which Relief Can Be Granted

The Complaint states a sufficient claim for discriminatory termination. The ADA in relevant part prohibits employment discrimination against "a qualified individual with a disability because of the disability of such individual in regard to . . . [the] discharge of

employees . . . ." 42 U.S.C. § 12112(a); *see also Buckley v. Consolidated Edison Co.*, 155 F.3d 150, 153-54 (2d Cir. 1998). To establish a prima facie case of discriminatory discharge under the ADA, a plaintiff must show that: "(1) her employer is subject to the ADA, (2) she is disabled within the meaning of the ADA, (3) she is otherwise qualified to perform the essential functions of her job, and (4) she suffered an adverse employment action because of her disability." *Heyman v. Queens Village Comm. for Mental Health for Jamaica Cmty. Adolescent Program, Inc.*, 198 F.3d 68, 72 (2d Cir. 1999).

The Parties do not appear to dispute the first three elements of the prima facie test. As to the fourth element, the Complaint sufficiently pleads facts giving rise to an inference that Plaintiff was terminated because of her disability. The Complaint alleges that Plaintiff suffered two strokes during the course of her employment with Defendants; that the strokes were the subject of contention between Plaintiff and Defendants, who refused Plaintiff's requests for accommodation and in fact went out of their way to create less accommodating conditions by requiring her to work long hours, lift and carry objects, and perform substantially more rounds; and that Defendants specifically referenced Plaintiff's health when discharging her, telling her to "concentrate on [her] health," now that she was unemployed.

Defendants assert that the comment on Plaintiff's health at her discharge meeting was not a reference to her disability, but rather should be interpreted as a reference to injuries Plaintiff suffered from the stabbing that took place shortly before Plaintiff's termination. Drawing all reasonable inferences in light of Plaintiff, the non-moving party, as the Court must on this motion, the comment relating to Plaintiff's health is construed at this stage of the litigation as a reference to her disability.

Defendants further argue that "WIN had a legitimate, non-discriminatory reason for

[Plaintiff's] termination – her misconduct." However, a plaintiff is not required to plead that discrimination was the *sole reason* for the discharge; rather, the ADA is applicable to "situations in which discrimination on the basis of disability is one factor, but not the only factor, motivating an adverse employment action decision." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 337 (2d Cir. 2000). Because the Complaint sufficiently pleads that Plaintiff's discharge was motivated at least in part by discrimination relating to her disability, Defendants' argument fails. Accordingly, Defendants' motion to dismiss Count One, insofar as it states as claim for discriminatory discharge, is denied.

## II.     Retaliation

Finally, the Complaint states a sufficient claim for retaliation under the ADA. The ADA prohibits retaliation "against any individual because such individual has opposed any act or practice made unlawful by th[e] [ADA] . . . or made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). To establish a prima facie case for retaliation, a plaintiff must show that "(1) she was engaged in an activity protected by the ADA; (2) her employer was aware of that activity; (3) an employment action adverse to the plaintiff occurred; and (4) there existed a causal connection between the protected activity and the adverse employment action." *Sarno v. Douglas Elliman–Gibbons & Ives, Inc.*, 183 F.3d 155, 159 (2d Cir. 1999). Seeking reasonable accommodation for a disability constitutes a "protected activity," and retaliation in response to a plaintiff's request for reasonable accommodation may violate the ADA's prohibition on retaliation. *See Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 149 (2d Cir. 2002) ("[P]laintiffs do allege that they were seeking reasonable accommodation of [plaintiff's] disability—which constitutes protected activity under Section 504/ADA."); *accord Rodriguez v. Atria Sr. Living Grp., Inc.*, 887 F. Supp.

2d 503, 512 (S.D.N.Y. 2012) ("Requesting a reasonable accommodation of a disability is an ADA-protected activity.").

A causal relationship between the protected activity and the alleged retaliatory act can be established in one of two ways: "(1) indirectly, by showing that the protected activity was followed closely by discriminatory [or retaliatory] treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by defendant." *Gordon v. N.Y.C. Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000).  Direct evidence of a causal relationship can consist of documents or statements that "reflect or suggest" such a relationship. *Hahn v. Bank of America Inc.*, No. 12 Civ. 4151, 2014 WL 1285421, at *17 (S.D.N.Y. Mar. 31, 2014).

Drawing all inferences in Plaintiff's favor, the Complaint sufficiently pleads a claim for unlawful retaliation.  It alleges that Plaintiff was engaged in a protected activity—requesting reasonable accommodation; that Defendants were aware that Plaintiff was engaged in such an activity, since they were the recipients of her request; that Plaintiff suffered an adverse employment action in the form of her termination; and that there was direct evidence of a causal relationship between Plaintiff's requests for accommodation and her discharge, in the form of Hall's statement during the termination meeting that Plaintiff should "concentrate on [her] health."

Defendants contend that the Complaint fails to establish a causal connection between the protected activity and the adverse employment action because there is no temporal proximity between Plaintiff's second and last request for accommodation, in January 2012, and her discharge, in January 2013.  Because the Complaint sets forth direct evidence of a causal

relationship in the form of Hall's statement, it is unnecessary to consider whether the Complaint also provides indirect evidence of a causal relationship through temporal proximity. Accordingly, Defendants' motion to dismiss Count Two is denied.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion is DENIED.

Dated: May 30, 2014
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**